# ORIGINAL

1

Brian Kenner, PH: 760 473-4958, bkenner@learningframework.com
Kathleen Kenner, PH: 760 473-5681, kkenner@learningframework.com

2

17550 Harrison Park Rd.
P.O. Box 427
Julian, CA 92036

3

4

Pro Se

5

FILED

12 APR 25  AM 9: 14

CLERK U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                         DEPUTY

6

7

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| Brian Kenner, an individual, and Kathleen Kenner, an individual, <br><br> Plaintiffs <br><br> v. <br><br> Eric Holder in his Official Capacity as the Attorney General for the United States Department of Justice, Tim Geithner in his official capacity as the Secretary of the Treasury for the United States, and the United States <br><br> Defendants. | Case No.  **1 2 CV 1 0 1 1 AJB WVG** <br><br> Date Filed: April 24, 2012 <br><br><br><br><br><br> **COMPLAINT** |

11

1.      COMES NOW, Plaintiffs Brian Kenner, *an individual*, and Kathleen Kenner, *an*

12

*individual*, (KENNER) for causes of action against Defendants for a deprivation of our 1st and

13

5th Amendment rights of the United States Constitution.

14

2.      Defendants and their agents have denied, and still deny, our 5th Amendment

15

right to due process, regarding the confiscation of, or deprivation of rights to, our real property,

16

as a result of the statutory (near) *total civil personal immunity* federal employees enjoy for

17

*intentional violations of the law* through the clauses or provisions of 26 U.S.C. § 7433, 26

*1*

U.S.C. § 7432, 28 U.S.C. Chapter 171 (Federal Tort Claims Act), and total federal Judicial Immunity as set forth within, and accepted as, established federal common law within this circuit (9th).

3.    Defendants also abuse their (near) *total personal civil immunity for intentional violations of the law* obtained though clauses or provisions of 26 U.S.C. § 7433, 26 U.S.C. § 7432, and 28 U.S.C. Chapter 171 (Federal Tort Claims Act), and absolute Judicial Immunity in 9th circuit common law,  in an ongoing effort to prohibit us from pursuing our 1st Amendment right to petition our government for redress of grievances.

## PREMISE AND STANDING

4.    At one time, it was political doctrine that a monarch was not subject to earthly authority, deriving his right to rule directly from God (a divine right of kings).  This doctrine held that the king could not be subject to the will of the people.  For Americans, the United States Constitution ended that unjust thinking and exists to prevent its return.  Established to guarantee the rights of the individual, the Constitution did not protect the government or the public writ large.  Yet, as if in the time of kings, Defendants believe (see allegations set forth herein), that so long as they act to benefit the government, the rule of law does not confine them.  The statutes and common law challenged in this Complaint, containing immunity loopholes for isolated intentional unlawful acts by federal employees, are complicit in that thinking.  Together, they have enabled a return to the divine right of kings.

5.    We do not pray to have Defendants act to our benefit.  Instead, we accept that Defendants' agents have acted, and must always act, to the benefit of the federal government, their employer.  Moreover, we accept that Defendants' employer ostensibly represents the many.  Nevertheless, Defendants' agents go too far and intentionally violate the law using "the many" as justification.  This, if there is to be any limit to federal power, Defendants cannot do.  The rule of law, deriving its legitimacy from the Constitution, must not compromise the constitutional rights of individuals.  We pray that a fair and impartial justice system balances our individual rights with the rights (and not the needs) of the many.  By contrast, immunity

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

1    for intentional violations of the law grants Defendant's agents the power to *personally* decide

2    justice's balance.  Injustice against us has been the result.

3         6.        Here Defendants' agents engaged in a "pattern of racketeering" (RICO) to

4    confiscate our property during an "offer in compromise" negotiation with the IRS.

5    Defendants' agents do not possess personal immunity for a *pattern of racketeering*.  The

6    resulting KENNER RICO lawsuit consequently exposed a more substantial veiled benefit

7    presently enjoyed by the federal government:  *federal employees' freedom from personal*

8    *consequence for isolated intentional violations of the laws so long as they are committed for*

9    *the benefit of the government*.  To see this benefit, one must take together the dual facts that

10   federal employees (1) have de-facto civil immunity from isolated intentional violations of the

11   law, *and* (2), they see as "reasonable" violations the law when it is in the best interest of the

12   government.  The clauses and provisions establishing such immunity have always been

13   explicit, but, heretofore, Defendants' motivations have not.

14        7.        Standing to file this lawsuit comes, in part, from our harm, stemming from (1)

15   IRS employees' pattern of racketeering during the offer in compromise, (2) IRS employees',

16   Judicial employees', and DOJ employees' intentional violations of the law to defeat our pursuit

17   of the RICO lawsuit, and (3) Judicial and DOJ employees' intentional violations of the law to

18   defeat a subsequent lawsuit.  The RICO lawsuit specifically challenged the right to retain

19   property obtained from intentional illegal acts taken during the offer in compromise, but it also

20   exposed the broader government benefit of employees' ability to break the law for the benefit

21   of the government.  This lawsuit challenges the constitutionality of that broader benefit.

22   Defendants and their agents declare that it is proper to intentionally violate the law so long as it

23   is to the benefit of the government.  But the legal "right" to ignore the law is an extraordinary

24   benefit.  Accordingly, we anticipate that Defendants will continue to intentionally break laws

25   to defeat our 1st and 5th amendment rights, to defeat this and other cases so long as they have

26   de-facto personal immunity for intentional violations of the law.

*3*

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

8.    This lawsuit is thus premised upon the fact that federal employees, under the right conditions, take unlawful actions that are to their employer's benefit.  When, as happened here, employees' numerous intentional unlawful acts form a pattern of racketeering threatening the sincerity of the federal employees' apparent obedience to the rule of law, the temptation to forsake the rule of law can ensnare otherwise just and committed members of the judiciary. But two wrongs never make a right, and more wrongs will not improve federal employees' likelihood of averting personal liability.  The pattern of racketeering is only reinforced, actively threatening future harm to our rights.

9.    We have standing for this lawsuit, unless and until a member or members of the federal judiciary, ignoring what is superficially in the best interest of the federal government, act to uphold the rule of law by discarding as unconstitutional the statutory and common law provisions or clauses granting federal employees personal immunity for intentional violations of the law.  Such a decision will surely deter future continuity for a pattern of racketeering, to the just benefit of us all.

## JURISDICTION AND VENUE

10.    Jurisdiction of this court is founded on 28 U.S.C. § 1331 because this complaint arises from the laws of the United States.  Jurisdiction of this court is further founded on 28 U.S.C. § 1346 (a)(2) as a civil action against the United States whereupon the claims are founded upon United States Constitution.

11.    Venue is proper in this judicial district because the events or omissions giving rise to the claims asserted in this complaint occurred substantially within the Southern District of California judicial district.

## STATEMENT OF CLAIM

12.    Statute 26 U.S.C. § 7433 grants IRS employees personal civil immunity for intentional violations of title 26 and promulgated regulations when the actions taken are to the benefit of the United States.

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

13. Statute 26 U.S.C. § 7432 grants IRS employees personal civil immunity for knowingly maintaining improper liens on taxpayer property when the actions taken are to the benefit of the United States.

14. 9th Circuit common law grants federal judges civil immunity for intentional violations of the law, always.

15. Statute 28 U.S.C. Chapter 171 (Federal Tort Claims Act) grants federal employees personal civil immunity for intentional violations of the law (non-Title 26) when the actions taken are to the benefit of the United States (except for violations of RICO, abuse of process, deceit, and for other specific exclusions).

***Defendants view violating the law as reasonable so long as it is in the best interest of the federal government:***

16. Federal employees routinely intentionally break the law to obtain property for the financial benefit of the government. Justice department employees defend the right of federal employees to break laws when their actions are taken for the benefit of the government. Justice department employees also break the law to defend those employees when the employees' actions become a pattern of racketeering and thus become subject to civil liability -

a. IRS employees, during the KENNER offer in compromise, made decisions that were in the best interest of the government (from KENNER FOIA request). Subsequent to IRS Manager Pittner's resolution to figure out how to take the KENNER settlement (setting policy), IRS employees engaged in a pattern of racketeering;

> GM Pittner..phone call with Barbara Dunn, attorney working a court settlement regarding the Kenners.Her phone numbers follow: her home office 626-446-9272; her firm 818-291-9858; her cell 626-375-7974. I did not divulge any case info since this is not the POA on the account. However, since Ms. Dunn wants to send money from a settlement that Kenner is receiving, felt that this was in the best interest of the public to work out terms. [Pittner]
>
> Kenner is about to receive approx $250,000 in a court settlement. I asked Ms. Dunn to send the relevant info to Ms. Kelly at the San Diego office. Dunn has a copy of the NFTL and a copy of the 1058 sent by R/O Kelly on 6/24. She wanted to know how to proceed with sending funds to IRS. Since the Final notice was dated 6/24 we could not send an immediate levy. Also the plaintiffs attorney fees are approximately 40% of the settlement and Ms Dunn wanted to know it these fees could be paid directly to the attorney as a superpriority. I advised her that we would need an accounting of the fees but if they were customary and reasonable then the deduction for attorney's fees would be allowable. I advised to send the balance of the settlement back to Ms. Kelly with the Final Notice to the San Diego

Figure 1: Excerpted from IRS response to KENNER FOIA request.

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

b. DOJ Employees believe - Though KENNER has potentially alleged violations of federal statutes (and an ongoing pattern of violations), it doesn't matter: federal employees are immune because breaking laws is what ANY "reasonable" employee would do:

'Even if the Court were to find that plaintiffs had established a constitutional or statutory right that they claimed the IRS Defendants had violated, which they cannot, the actions taken by the IRS Defendants in investigating and collecting outstanding tax liabilities cannot be said to be "clearly unlawful" to a reasonable officer in that situation.' (*United States Attorney Laura Duffy*, 10-cv-02105: Dkt. 63);

c. Federal employees believe that no law applies to them when they are acting to the benefit of the government.  Employees make clear that even systemic lawlessness (a pattern of racketeering) is reasonable ... so long as it is to the benefit of their employer:

"We nevertheless maintain that the language in Wilkie, as well as the principles underlying that decision, are broad enough to bar a RICO suit against government employees in any situation where the employees are acting for the financial benefit of the United States." (Deputy Assistant Attorney General Tamara Ashford, 9th Circuit Appeal, 11-56062-Dkt. 18; 31, ¶2);

d. In his KENNER RICO lawsuit dismissal, United States federal judge Ted Moskowitz concluded it was proper to give IRS employees civil immunity for intentional violations of the law so long as they are collecting taxes;

e. In his KENNER RICO lawsuit dismissal, United States federal judge Anthony Battaglia concluded it was proper to give IRS employees civil immunity for intentional violations of the law so long as they are collecting taxes;

f. In KENNER's lawsuit alleging the Bane Act (Cal. Civ. Code 52.1) against federal employees, federal judge Roger Benitez, after dismissing all claims against all defendants without once allowing KENNER to amend their complaint, engaged in abuse of process to defeat KENNER's automatic right to appeal in order to defend defendants' wrongful acts in that lawsuit;

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

g. The 9th Circuit Court of Appeals denied KENNER's two applications for Temporary Restraining Order ("TRO") against IRS employees immunity for intentional violations of the law. Both times, the TRO's merits were purposely ignored.

    i. 1st TRO application: TRO denied because the appeals court construed the KENNER TRO motion to be one asking for a TRO against the pursuit of Title 26 laws. In contrast, the KENNER TRO explicitly asked the court to enjoin IRS employees' *intentional violations of the law* ONLY;

    ii. 2nd TRO application: Though KENNER's TRO application set forth new facts and was a new motion, the KENNER TRO was denied because the appellate court construed it as a motion for reconsideration. It was then denied as untimely.

17.    Defendants' positions in ¶16 are justifications to break the law. When Defendant's argue that immunity should be expanded for intentional violations of the law, they explicitly argue that the laws do not apply to federal employees—that federal employees need to break the law in order to govern properly.

*Specific IRS employees have engaged in a pattern of racketeering against KENNER:*

18.    Fifty-nine criminal acts encompassed within thirteen loosely independent criminal schemes and four separate criminal episodes were designed and executed by corrupted IRS staff to obtain money that they were either not lawfully entitled to or to conceal the underlying illegal acts of that theft. KENNER includes, as if stated here, the events and actions set forth in the complaint, for federal lawsuit `11cv1538`.

19.    A pattern of racketeering is a direct consequence of federal employees' civil immunity for intentionally violating the law. These Immunities have defeated civil liability for deterrence purposes.

*Other federal employees have intentionally violated the law to make effectively immune IRS employees' pattern of racketeering*

20.    The near total personal civil immunity statutorily granted to other conspiring federal employees has enabled those conspiring federal employees to unlawfully interfere with

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

the 1st and 5th Amendment rights of KENNER, in order to come to the aid of the specific IRS employees now liable for the legal consequences of a *pattern of racketeering* (and RICO). KENNER includes, as if stated here, the events and actions set forth in the complaint for federal lawsuit `11cv2520`.

21.     Justice department lawlessness, in defense of federal employees engaged in a pattern of racketeering, is a direct consequence of federal employees' civil immunity for intentionally violating the law.

### First CAUSE OF ACTION

*A Deprivation of KENNER's 5th Amendment Constitutional Right to Due Process against Defendants for their use of, or reliance upon, 26 U.S.C. § 7433, wherein, the statute provides for total personal civil immunity to IRS employees' intentional violations of U.S.C. Title 26 statutes and promulgated regulations*

22.     Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated herein.

23.     KENNER was injured in fact.  See federal complaint `11cv1538`:

a.  IRS employees intentionally broke the law to keep KENNER IRS OIC settlement funds;

b.  IRS employees intentionally broke the law to defeat the KENNER IRS OIC;

c.  IRS employees intentionally broke the law to maintain an un-recoverable (by the United States) tax liability against Kenner;

d.  IRS employees intentionally broke the law to obtain other KENNER lawsuit settlements/assets;

24.     Federal employees attempted further injury to KENNER:

a.  Federal Judge Ted Moskowitz threatened dismissal of their entire lawsuit (federal lawsuit `10-cv-2105`) if KENNER pursued RICO causes of action against IRS Defendants;

b.  Federal Judge Anthony Battaglia threatened FRCP 11 sanctions against KENNER, if KENNER pursued their appeal rights in the RICO lawsuit (`10-cv-2105`);

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

c.   Federal employees, through an interference with- and deprivation of KENNER's other business relationships and property rights, attempted to interfere with KENNER's pursuit of the RICO appeal (11-56062).

## Second CAUSE OF ACTION

*A Deprivation of KENNER's 5th Amendment Constitutional Right to Due Process against Defendants' for their use of, or reliance upon, 26 U.S.C. § 7432 wherein the statute provides total personal civil immunity to IRS employees for intentionally or knowingly failing to release a lien*

25.   Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated herein.

26.   Defendants knowingly maintain an illegal lien on KENNER property without process of law, and as a direct result of Defendant agent's total immunity from civil liability for the intentional violation of the law.

## Third CAUSE OF ACTION

*A Deprivation of KENNER's 5th Amendment Constitutional Right to Due Process against Defendants for their use of, or reliance upon, 28 U.S.C. Chapter 171 (Federal Tort Claims Act) wherein the statute provides total personal civil immunity to federal employees for an intentional tort or violation of the law*

27.   Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated herein.

## Fourth CAUSE OF ACTION

*A Deprivation of KENNER's 5th Amendment Constitutional Right to Due Process against Defendants for their expectation of, or reliance upon, Absolute Judicial Immunity wherein it provides total personal civil immunity to the Judiciary for intentional violations of the law and/or federal rules and procedure*

28.   Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated herein.

29.   KENNER's 1st and 5th amendment rights are immediately threatened:

9

a. DOJ Employees perjured themselves in collaboration with federal judge Roger Benitez's abuse of process to defeat lawsuit (federal lawsuit **11-cv-2520**) and KENNER's right to appeal;

   i. DOJ employees filed with the court documents enabling the substitution of the United States for federal employees while defeating KENNER's ability to object to that substitution by filing a declaration with the court that the documents had been properly sent to KENNER when the documents were in fact withheld for 12 days. Documents were untimely sent to KENNER 4 days after the lawsuit had been dismissed;

   ii. DOJ employees certified that they had placed IRS Defendant certification (and other) documents in the mail on January 5, 2012 to be delivered to KENNER -

IT IS HEREBY CERTIFIED that service of the foregoing has been made on this date by depositing a copy of the foregoing in the United States mail in a postage prepaid envelope addressed to:

Brian & Kathleen Kenner
17550 Harrison Park Rd.
P.O. Box 427
Julian, CA 92036
(Plaintiffs - pro se)

Dated this 5th day of January, 2012.

/s/ Kaycee M. Sullivan
KAYCEE M. SULLIVAN
Trial Attorney, Tax Division
U.S. Department of Justice

   iii. As shown below, documents were mailed to KENNER, 12 days later and after final judgment, on January 17th 2012 -



*10*

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

b.  Federal Judge Roger Benitez also withheld documents for 4 days to enable substitution of the United States (which has sovereign immunity) for federal employees without KENNER opposition;

c.  KENNER's potential loss of property rights and claims against Defendant Capital One and others (federal lawsuit 11-cv-2520) stemming from DOJ and judicial abuse of process in the lawsuit's dismissal:

    i.  Dismissal of all claims and parties on the complaint without amendment *or without leave to amend* is an abuse of judicial discretion;

    ii.  Federal judge Roger Benitez used minute orders for ambiguous entry of final judgment in order to deny KENNER's right of appeal.

d.  Judge Roger Benitez used multiple intentionally ambiguous forms for entry of final judgment in order to achieve final judgment of lawsuit without KENNER's right to appeal:

    i.  Initial minute order on motions to dismiss declaring "CASE CLOSED" (Lawsuit appealed by KENNER but later dismissed by the appeals court because the DOJ filed a subsequent motion to dismiss for a party not properly before the court);

    ii.  Subsequent minute order on motion to dismiss on party not before court declaring "APPEAL".

30.  Federal Judge Roger Benitez granted immunity to federal employees under the FTCA, intentionally ignoring the exemptions for immunity under the FTCA given to the types of violations (abuse of process and deceit) alleged by KENNER against the federal employees.

31.  KENNER was injured in fact with the cost of an improperly denied appeal (12-55287) stemming from an intentionally unclear dismissal and final judgment and cooperation by the appeals court dismissing the appeal;

a.  Federal Judge Roger Benitez made entry of final judgment for the lawsuit using a minute order, declaring that the case was "closed" in the minute order's heading;

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

b. Federal Judge Roger Benitez used the court minute order, with explicit warnings that the case was closed, to start the appeal clock in an effort to cause KENNER to miss the appeal deadline.  However, the actual ruling on defendants' motion to dismiss was not set forth in the text of minute order, rendering it ambiguous.  9th Circuit case law permits the use of minute orders for final judgment.  Judge Roger Benitez abuses this form of court process for entry of final judgment in an effort to deprive KENNER of their appeal rights;

c. Required to take action on the ambiguous minute order in order to protect their rights, , KENNER nevertheless timely filed their appeal. Failure to file a timely appeal would have prevented any further appeal, due to lack of jurisdiction.  The United States, having been improperly substituted for federal employees, filed a subsequent motion to dismiss "the United States".  The United States could not properly be a party before the court because it had not been served and it had not consented to, and could not consent to, suit;

d. The United States filed a motion in the appeals court to have the lawsuit dismissed.  In an act of intentional deceit, a DOJ agent labeled the envelope for *motion dismiss appeal* papers as originating from a Mr. Simmons of Dunwoody, Georgia to conceal the origination and purpose of the envelope's contents;

e. A KENNER agent directly spoke with Mr. Simmons.  Mr. Simmons did not send the documents to KENNER.  Mr. Simmons is not a DOJ employee.  Mr. Simmons is not an attorney;

f. The appeals court dismissed the appeal ostensibly because the United States, having been substituted in for federal employees, filed a motion to have itself dismissed;

g. In further abuse of process, the Roger Benitez court entered a new final judgment using another minute order.  This time the header of the minute order explicitly stated "APPEAL" though the text of the order still did not communicate the form of the deposition of the United States motion.  KENNER, once again required to protect their

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

1    appeal rights on jurisdictional grounds, was left with no choice but to file their appeal

2    on the basis of the directive label of "APPEAL" in the minute order's header.

3                                   **Fifth CAUSE OF ACTION**

4    *A Deprivation of KENNER's 1st Amendment Constitutional Right to Petition the*
5    *Government for Redress of Grievances against Defendants for their use of, or*
6    *reliance upon, 26 U.S.C. § 7433, wherein, the statute provides for total personal*
7    *civil immunity to IRS employees' reckless and/or intentional violations of U.S.C.*
8                        *Title 26 statutes and promulgated regulations*

9           32.    Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated

10   herein.

11                                  **Sixth CAUSE OF ACTION**

12   *A Deprivation of KENNER's 1st Amendment Constitutional Right to Petition the*
13   *Government for Redress of Grievances against Defendants for their use of, or*
14   *against Defendants' for their use of, or reliance upon, 26 U.S.C. § 7432 wherein*
15   *the statute provides total personal civil immunity to IRS employees for*
16                *intentionally and/or knowingly failing to release a lien*

17          33.    Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated

18   herein.

19                                 **Seventh CAUSE OF ACTION**

20   *A Deprivation of KENNER's 1st Amendment Constitutional Right to Petition the*
21   *Government for Redress of Grievances against Defendants for their use of, or*
22   *reliance upon, 28 U.S.C. Chapter 171 (Federal Tort Claims Act) wherein the*
23   *statute provides total personal civil immunity to federal employees for an*
24                  *intentional tort or violation of the law*

25          34.    Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated

26   herein.

27                                  **Eighth CAUSE OF ACTION**

28   *A Deprivation of KENNER's 1st Amendment Constitutional Right to Petition the*
29   *Government for Redress of Grievances against Defendants for their expectation*
30   *of, or reliance upon, Absolute Judicial Immunity wherein it provides total*

KENNER COMPLAINT - FOR INJUNCTIVE AND DECLARATORY RELIEF

*personal civil immunity to the judiciary for intentional violations of the law and/or federal rules and procedure*

35.   Plaintiffs incorporate all other allegations of the COMPLAINT as if fully stated herein.

### PRAYER FOR RELIEF

36.   KENNER prays for the court to declare as unconstitutional (and grant injunctive relief to KENNER for):

a.  Personal civil immunities granted IRS employees by 26 U.S.C. § 7433 for intentional violations of the law;

b.  Personal civil immunities granted IRS employees by 26 U.S.C. § 7432 for knowingly failing to release a lien;

c.  Personal civil immunities granted federal employees by 28 U.S.C. Chapter 171 (Federal Tort Claims Act) for intentional violations of the law;

d.  Personal civil immunities granted federal judges for intentional violations of the law; or in the alternative, personal civil immunities granted federal judges for intentional violations of the law when the United States is the beneficiary to the alleged misconduct complained of in a suit in that judge's court;

e.  Court minute orders for entry of final judgment, because their form can be abused;

f.  The restriction that trials for 26 U.S.C. § 7433 and 26 U.S.C. § 7433 lawsuits be held before judges only and not before a jury;

g.  The jurisdictional limitation for automatic appeals.

Dated: 4/24/2012                          respectfully submitted,
                                          Brian Kenner

                                          Pro Se

Dated: 4/24/2012                          respectfully submitted,
                                          Kathleen Kenner

                                          Pro Se

*14*