UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN AND KATHLEEN KENNER, | CASE NO. 12cv1011-MMA (WVG) |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | [Doc. No. 4] |
| ERIC HOLDER, *in his official capacity as the Attorney General for the United States Department of Justice*, et al., | |
| Defendants. | |

Plaintiffs Brian and Kathleen Kenner, proceeding *pro se*, have filed suit against Defendants Eric Holder, in his official capacity as the United States Attorney General, Tim Geithner, in his official capacity as the Secretary of the United States Treasury, and the United States, alleging the unconstitutionality of two sections of the Internal Revenue Code, the Federal Tort Claims Act, and the doctrine of judicial immunity. Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a plausible claim for relief. Plaintiffs filed an opposition to the motion, to which Defendants replied. *See* Doc. Nos. 7, 8. The Court took the motion under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**BACKGROUND**

The underlying facts of this case arise out of Plaintiffs' interactions with the Internal Revenue Service. Claims relating directly to those events have been litigated in prior actions.[1] According to Plaintiffs, "Defendants' agents engaged in a 'pattern of racketeering' . . . to confiscate our property during an 'offer in compromise' negotiation with the IRS. Defendants' agents do not possess personal immunity for a pattern of racketeering. The resulting KENNER RICO lawsuit consequently exposed a more substantial veiled benefit presently enjoyed by the federal government: federal employees' freedom from personal consequence for isolated intentional violations of the laws so long as they are committed for the benefit of the government." *Complaint* ¶ 6.

Plaintiffs' claims in this case implicate the constitutionality of the various statutory and common law principles relied upon by the Court to dismiss their prior actions. Specifically, Plaintiffs allege that two provisions in the Internal Revenue Code, 26 U.S.C. §§ 7432,[2] 7433,[3] the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*., and the doctrine of absolute judicial immunity violate their Fifth Amendment due process rights because of the immunities these laws provide to federal employees and members of the judiciary from being sued in their personal capacities for the performance of official duties. Plaintiffs further allege that these laws are unconstitutional under the First Amendment because the laws impede their efforts to petition the government for redress.

---

[1] *See Kenner v. Kelly, et al.*, 3:10-cv-2105-DMS (WVG); *Kenner v. Kelly, et al.*, 3:11-cv-1538-DMS (WVG); *Kenner v. Kelly, et al.*, 3:2011-cv-02520-BEN (BGS).

[2] 26 U.S.C. § 7432(a) provides: "If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

[3] 26 U.S.C. § 7433(a) provides: " If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

*Id*. ¶¶ 22-35. Plaintiffs seek injunctive and declaratory relief only.[4]

## LEGAL STANDARD

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the Court lacks subject matter jurisdiction over the claim. Standing is jurisdictional, cannot be waived, and is properly addressed under Rule 12(b)(1). *See United States v. Hays*, 515 U.S. 737, 742 (1995); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). When ruling on a motion to dismiss for lack of standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir.1998), quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). In addition, where a plaintiff appears *pro se*, the Court must construe the pleadings liberally and afford the plaintiff any

---

[4] This request for relief is consistent with Plaintiffs' suit against Defendants Holder and Geithner in their official capacities. Declaratory or injunctive relief designed to affect the conduct of a government entity is available only in an official capacity suit. *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004).

1 benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

### DISCUSSION

Defendants assert that Plaintiffs' claims must be dismissed as barred by the doctrine of sovereign immunity. In addition, Defendants move for dismissal on the grounds that Plaintiffs lack standing, and fail to state a claim upon which relief can be granted.[5]

***1.   Subject Matter Jurisdiction***

    a)   <u>Sovereign Immunity</u>

As an initial matter, Defendants argue that this suit is barred by the doctrine of sovereign immunity. "The United States, as a sovereign entity, is immune from suit unless it has consented to be sued. Waiver of immunity must be demonstrated by the party suing the United States." *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir. 1986). Plaintiffs must show that the government has "unequivocally expressed" a waiver of immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The Ninth Circuit has observed that "the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants," including agency heads sued in their official capacity. *Id.* Sovereign immunity bars claims against federal agents in their official capacities unless a waiver of sovereign immunity is unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

There are exceptions to the doctrine of sovereign immunity. In particular, one of the well-established exceptions limits application of the doctrine in a suit for declaratory and/or injunctive relief against federal officials, seeking to enjoin the enforcement by those officials of an unconstitutional statute. *Dugan v. Rank*, 372 U.S. 609, 621–22 (1963). Plaintiffs' claims may be reasonably construed as alleging that Sections 7432 and 7433 of the Internal Revenue Code and the Federal Tort Claims Act are unconstitutional in that enforcement of these statutes by Defendants

---

[5] Defendants also move to dismiss this action under Rule 12(b)(5), which requires sufficient service of process in order for the Court to exercise power over a party the complaint names as a defendant. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999). In response to Defendants' motion, Plaintiffs present executed summonses as to all three Defendants. *See Pl's Opp'n*, Ex. A. Defendants acknowledge in their reply brief that the summonses demonstrate proper and timely service of process, and withdraw insufficient service as a ground for dismissal. *See Reply*, 2, n.2.

1 Geithner and Holder deprives them of their rights under the Fifth and First Amendments. *Dugan*
2 states that sovereign immunity will not protect a government official from suit regarding actions
3 beyond their statutory powers or actions taken in a manner that is constitutionally void. 372 U.S.
4 at 621-22, citing *Malone v. Bowdoin*, 369 U.S. 643, 647 (1962). However, the Court in *Dugan*
5 went on to specify that "[i]n . . . such case[] the officer's action 'can be made the basis of a suit for
6 specific relief against the officer as an *individual*.'" *Id*. at 622, quoting *Malone*, 369 U.S. at 647
7 (emphasis added). Here, Plaintiffs clearly have sued Attorney General Holder and Secretary
8 Geithner in their official capacities, not as individuals. As such, the *Dugan* exception to the
9 doctrine of sovereign immunity does not apply.

10 Furthermore, Plaintiffs fail to plead a statutory basis for the waiver of the United States'
11 immunity in their complaint. Rather, they argue in their opposition brief that the United States has
12 waived its sovereign immunity pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C.
13 §§ 702, *et seq*. Defendants assert in reply that arguments raised in Plaintiffs' opposition brief are
14 insufficient to establish jurisdiction. Even if the Court liberally construes Plaintiffs' *pro se*
15 pleading to include jurisdictional allegations based on the APA, Plaintiffs' reliance on the APA is
16 improper. The APA affords judicial review to persons claiming to have suffered a legal wrong
17 from any final action undertaken by a federal agency. *Watson v. Chessman*, 362 F. Supp. 2d 1190,
18 1196 (S.D. Cal. 2005), citing 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE &
19 PROCEDURE: JURISDICTION 3D § 3659, at 2-3 (1998). While Plaintiffs may have sought review of a
20 "final action" of a government agency in their prior cases, this is not the nature of the relief sought
21 in this suit. Here, Plaintiffs request prospective injunctive and declaratory relief. Plaintiffs pray
22 for the Court to enjoin the enforcement of allegedly unconstitutional federal laws and to declare
23 those laws unconstitutional. *Complaint* ¶ 36. No final action undertaken by a federal agency is
24 directly at issue. The APA is inapplicable to this case and does not confer jurisdiction.

25     b) <u>Constitutional Standing</u>

26 Defendants argue that Plaintiffs lack constitutional standing to bring this action based on
27 their failure to allege valid injuries-in-fact. Constitutional standing under Article III requires the
28 following for each claim: (1) the party invoking federal jurisdiction must have suffered some actual

1  or threatened injury; (2) the injury must be fairly traceable to the challenged conduct; and (3) a
2  favorable decision would likely redress or prevent the injury.  *See Friends of the Earth, Inc. v.*
3  *Laidlaw Envtl. Servs*., 528 U.S. 167, 180–81, 185 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S.
4  555, 560–61 (1992).  The party asserting the claim has the burden of establishing standing.  *See*
5  *Colwell v. Dept. of Health and Human Servs*., 558 F.3d 1112, 1121 (9th Cir. 2009).

6        According to Plaintiffs, "[s]tanding to file this lawsuit comes, in part, from our harm,
7  stemming from (1) IRS employees' pattern of racketeering during the offer in compromise, (2) IRS
8  employees', Judicial employees', and DOJ employees' intentional violations of the law to defeat
9  our pursuit of the RICO lawsuit, and (3) Judicial and DOJ employees' intentional violations of the
10 law to defeat a subsequent lawsuit."  *Complaint* ¶ 7.  Plaintiffs argue that standing derives from the
11 harm they suffered at the hands of government employees during past tax liability negotiations and
12 those employees' subsequent efforts to defeat Plaintiff's past lawsuits.  "Past exposure to harmful
13 or illegal conduct does not necessarily confer standing to seek injunctive relief . . ."  *Mayfield v.*
14 *United States*, 599 F.3d 964, 970 (9th Cir. 2010), citing *Lujan v. Defenders of Wildlife*, 504 U.S.
15 555, 560 (1992).  "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he
16 can show that he faces a 'real or immediate threat . . . that he will again be wronged in a similar
17 way.'"  *Id*. at 970, quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Plaintiffs'
18 allegations of past harm are insufficient to confer constitutional standing to seek prospective
19 injunctive and declaratory relief.

20       Likewise, Plaintiffs' allegations of future harm are vague, overly generalized, and too
21 speculative to support standing to bring this action.  For example, Plaintiffs "anticipate that
22 Defendants will continue to intentionally break laws to defeat" their constitutional rights.
23 *Complaint* ¶ 7.  This is mere speculation and does not confer standing based on a "real" threat.
24 Plaintiffs further allege that "[w]e have standing for this lawsuit, unless and until a member or
25 members of the federal judiciary, ignoring what is superficially in the best interest of the federal
26 government, act to uphold the rule of law by discarding as unconstitutional the statutory and
27 common law provisions or clauses granting federal employees personal immunity for intentional
28 violations of the law.  Such a decision will surely deter future continuity for a pattern of

racketeering, to the just benefit of us all." *Id*. ¶ 9. Based on these allegations, it appears that Plaintiffs seek to expose and halt constitutional violations for the public good. However, this is an insufficient basis for standing pursuant to the Supreme Court's holding in *Valley Forge Christian College v. Americans United for Separation of Church & State*:

> [T]he Art. III requirements of standing are not satisfied by the abstract injury in nonobservance of the Constitution asserted by citizens. This Court repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law. Such claims amount to little more than attempts to employ a federal court as a forum in which to air generalized grievances about the conduct of government.

454 U.S. 464, 482-483 (internal citations and quotations omitted).

Plaintiffs lack constitutional standing to pursue their claims for prospective injunctive and declaratory relief. In the absence of standing, the Court lacks subject matter jurisdiction over Plaintiffs' claims. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction.").

## 2.     *Failure to State a Claim*

Defendants also seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a plausible claim for relief. Plaintiffs allege eight causes of action. Two of theses claims challenge the constitutionality of the federal doctrine of absolute judicial immunity. The additional six claims challenge the constitutionality of three federal statutes, which Plaintiffs claim provide immunity to IRS employees, and federal employees generally, from being sued in their personal capacity. This immunity from personal liability is the gravamen of Plaintiffs' complaint. According to Plaintiffs, "federal employees have de facto civil immunity from isolated intentional violations of the law" when those violations are "in the best interest of the government." *Complaint* ¶ 6. In essence, Plaintiffs contend that the laws requiring certain claims to be pursued against federal employees in their official – rather than individual – capacities violate their Fifth Amendment due process rights and their First Amendment right to petition the government for redress.

///

For example, Plaintiffs challenge the Federal Tort Claims Act, which specifically excludes claims based upon the performance of a discretionary function by a government officer and claims arising with respect to the assessment and collection of any tax. 28 U.S.C. § 2680(a) and (c); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Plaintiffs also challenge two provisions of the Internal Revenue Code that set forth "the exclusive remedy for recovering damages" for misconduct by an officer or employee of the IRS in connection with the collection of federal taxes. 26 U.S.C. §§ 7432, 7433. Suits under either of these provisions may only be brought against the United States, not against IRS employees in their individual capacities. *People ex rel. Ervin*, 170 F. Supp. 2d 1040, 1046 (E.D. Cal. 2001) ("Section 7433(a) specifically provides that such an action is brought against the United States."). To the extent Plaintiffs' claims in prior lawsuits fell within the exclusions and limitations set forth in these statutes, those claims were barred.

These limitations and exclusions are the basis for Plaintiffs' current constitutional claims. Plaintiffs allege that these laws violate their constitutional rights by providing "total personal civil immunity" to IRS employees, federal employees, and members of the federal judiciary. This premise fails. "As [the Supreme Court's] decisions have emphasized time and again, the Due Process Clause grants the aggrieved party the *opportunity* to present his case and have its merits fairly judged." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (emphasis added). The Constitution requires that no person "be denied the opportunity to *present* to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) (emphasis added). But the right to sue exists equally with the right to defend, *Chambers v. Baltimore & Ohio R.R.*, 207 U.S. 142, 148 (1907), and the government "remains free to create substantive defenses or immunities for use in adjudication," in which case "the legislative determination [regarding immunity] provides all the process that is due." *Logan*, 455 U.S. at 433. The challenged laws do not violate Plaintiffs' due process rights or their right to petition the government for redress. In prior cases, application of those laws may have impeded Plaintiffs' success on their claims. But there is no constitutional right to win a lawsuit; only to have the opportunity to bring one.

*3.   Leave to Amend*

Generally, a plaintiff should be given leave to amend his or her complaint, unless amendment would be futile. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotations omitted). In the Ninth Circuit, "before a District Court may dismiss a *pro se* complaint for failure to state a claim, the Court must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds, 104 F.3d 1133, 1136 (9th Cir. 1997). Here, although the Court concludes that Plaintiffs fail to state a plausible claim for relief, dismissal with prejudice and without leave to amend is appropriate based on the incurable lack of subject matter jurisdiction. *See Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1136 (9th Cir. 2002); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) ("Section 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and **DISMISSES** this action in its entirety with prejudice. The Clerk of Court is instructed to enter judgment in accordance herewith and close the case.

**IT IS SO ORDERED**.

DATED: December 19, 2012

Hon. Michael M. Anello
United States District Judge